# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, *et al.*, | |
| Plaintiffs, | Case No. 2:11-cv-01746-KJD-CWH |
| vs. | **ORDER** |
| BRIGHT ELECTRIC, INC., | |
| Defendant. | |

This matter is before the Court on Defendant Bright Electric, Inc.'s Motion for Discovery (#7), filed December 30, 2011. The Court has reviewed the motion and concludes that it must be denied for the reasons stated herein.

It does not appear to the Court that this is a motion to compel but, rather, a request for discovery. Pursuant to this Court's Local Rules, "[u]nless otherwise ordered by the Court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the Court." *See* LR 26-8. To the extent the motion can be considered a motion to compel, it fails to satisfy several threshold requirements for consideration. Fed. R. Civ. P. 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery ...." Fed. R. Civ. P. 37(a)(1). The Local Rules provide that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that . . . the parties have been unable to resolve the matter without Court action." *See* LR 26-7(b). Moreover, discovery is not yet authorized in this matter. Pursuant to Fed. R. Civ. P. 26(d) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The failure to comply with the aforementioned rules requires that the motion be denied.

More problematic is Defendant's attempt to appear pro se through Francisco J. Alvarez, a non-lawyer. A corporation or limited liability company may appear in federal court only through licensed counsel. *See e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); *see also U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Trustees of Operating Engineers Pension Trust v. O'Donnell*, 2007 WL 672528 (D. Nev.) (striking answer for failure to retain counsel). In this case, both the answer and the pending motion are signed by a non-attorney. Because it does appear that Defendant is attempting to respond to the lawsuit, the Court will grant Defendant twenty-one days to inform the Court whether it intends to retain counsel. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bright Electric, Inc.'s Motion for Discovery (#7) is **denied.**

**IT IS FURTHER ORDERED** that Defendant Bright Electric, Inc. shall have up to and including **Wednesday, January 25, 2012** to inform this Court whether it has retained counsel for purposes of litigating this case. Failure to do so may result in a recommendation that Defendant's answer be stricken and judgment entered against Defendant.

DATED this 4th day of January, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**