# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE ELECTRICAL WORKERS PENSION TRUST; AND TRUSTEES OF THE LAS VEGAS ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND,<br><br>      Plaintiff,<br><br>v.<br><br>BRIGHT ELECTRIC, INC., a Nevada corporation,<br><br>      Defendant. | Case No. 2:11-cv-01746-KJD-CWH<br><br>**ORDER** |

Before the Court is Plaintiff Trustees of the Electrical Workers Health and Welfare Trust, Trustees of the Electrical Workers Pension Trust, and Trustees of the Las Vegas Electrical Joint Apprenticeship and Training Trust Fund's Motion for Partial Summary Judgment (#36). Defendant filed a response in opposition (#37) to which Plaintiff replied (#42).

I. Background

On April 26, 2010, Francisco Alvarez, the president of Defendant, traveled to the office of the International Brotherhood of Electrical Workers, Local 357, and signed a letter of assent. The letter of assent stated that Defendant agreed to comply with and be bound by a collective bargaining agreement ("CBA"). The CBA obligated Defendant to make monthly contributions to certain trust funds managed by Plaintiff, its fiduciaries. The trust funds are designed to provide benefits to employees covered by the CBA and are governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendant never made contributions to the trust funds, which resulted in Plaintiff filing the present action for breach of the CBA on October 28, 2011. On February 7, 2012, Defendant filed an answer (#11). On August 13, 2012, Plaintiff filed an amended complaint (#23). On September 4, 2012, Defendant filed an answer to the amended complaint (#27). On September 27, 2012, Plaintiff filed this Motion for Partial Summary Judgment (#36).

II. Legal Standard for Summary Judgment

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials of the record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once that is met, the burden then shifts to the nonmoving party to set forth specific facts demonstrating that a genuine issue exists. See Matsushita, 475 U.S. at 587; FED. R. CIV. P. 56(e). If the nonmoving party fails to make a sufficient showing of an essential element to which it has the burden of proof, the moving party is entitled to summary judgment as a matter of law. See Celotex, 477 U.S. at 322-23.

III. Analysis

Plaintiff's motion for summary judgment was submitted to the Court on September 27, 2012, more than thirty days after the close of discovery on August 6, 2012. However, Platt River Insurance Company was summoned as a new Defendant on August 14, 2012, which required approval of a new discovery plan. The Court was, therefore, between discovery schedules at the time it received Plaintiff's motion. Defendant argues that Plaintiff's motion is premature and should be stayed or denied until the Court approves a new discovery plan. A new discovery plan was granted on October 23, 2012, which renders Defendant's argument moot. Additionally, it is in the Court's interest to clarify the genuine issues and material facts for trial. The Court, therefore, considers Plaintiff's Motion for Partial Summary Judgment.

A. Plaintiff's Motion

Plaintiff alleges that Defendant became party to the CBA when its president, Francisco Alvarez, signed the letter of assent. Plaintiff also alleges that, upon becoming party to the CBA, Defendant was required to make contributions to certain trust funds, but failed to do so. Plaintiff finally asserts that Defendant's default entitles Plaintiff to recover the amount required by the CBA plus reasonable attorneys' fees.

ERISA states, in 29 U.S.C. § 1145, that: "Every employer who is obligated to make contributions . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." In Alvarez's deposition, taken on July 18, 2012, he stated that he signed the

letter of assent in his capacity as president of Defendant. Plain. Mot. for Sum. Judg. Ex. 2. Alvarez also stated that he not did make any contributions to the trust funds. Id. The letter of assent, as provided by Plaintiff, contains Alvarez's signature, a description of Defendant, and plainly states near the top that "the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements." Plain. Mot. for Sum. Judg. Ex. 3. The labor agreement outlines the amounts that Defendant is required to contribute, which trusts will receive which funds, and other logistics of the agreement. Plain. Mot. for Sum. Judg. Ex. 4.

According to the documentation before the Court, Alvarez, acting in his capacity as president of Defendant, signed the letter of assent and entered Defendant into a CBA that required it to contribute to certain trust funds in accordance with the CBA and ERISA. Defendant, however, failed to contribute to the trust funds as required by the CBA.

### B. Defendant's Response

Plaintiff's arguments and evidence are sufficient to shift the burden to Defendant, who must now set forth specific facts that demonstrate a genuine issue of material fact. See Matsushita, 475 U.S. at 587. Defendant alleges in the response that the facts of the present case are more akin to fraud in the execution than fraud in the inducement. Defendant alleges that it had no obligation to contribute to the trust funds because fraud in the execution voids the CBA. To support its allegation of fraud in the execution, Defendant submitted the declaration of Francisco Alvarez dated October 8, 2012, in which Alvarez states: "I have consistently contended that the letter of assent was presented to me as an instrument by which Local 357 could stop a grievance from going forward against me." Def. Resp. to Mot. for Sum. Judg. Ex. A.

#### 1. Federal Rule of Civil Procedure 8(c)

Defendant has not appropriately stated its affirmative defense of fraud as required by Federal Rule of Civil Procedure ("Rule") 8(c). Rule 8(c) requires a party to state all affirmative defenses, which includes fraud and duress, in response to a pleading. FED. R. CIV. P. 8(c). In the present case, Defendant did not raise any affirmative defenses before this Court in accordance with

4

Rule 8(c). Defendant's answers consist of a simple laundry list of acceptances and denials of Plaintiff's various allegations. The only additional allegation that Defendant made in the answers was that it was not signatory to any CBA. Defendant did not specify, however, whether it was not signatory to the CBA because of fraud, duress, or the simple fact that Defendant never physically signed the document.

A defendant may raise an affirmative defense for the first time in a motion for summary judgment if the delay does not prejudice the plaintiff. Magana v. Com. of the N. Mariana Islands, 107 F.3d 1436, 1446 (9th Cir. 1997). In this instance, allowing Defendant to raise an affirmative defense of fraud in the execution or fraud in the inducement for the first time would be prejudicial towards Plaintiff. Discovery has closed, and granting such a boon to Defendant at this stage in the proceedings would deny Plaintiff the opportunity to adequately prepare for trial. Defendant has had ample time to raise an affirmative defense, but has elected to wait until after submitting two answers, performing two discoveries, and receiving a motion for summary judgment to do so. Accordingly, Defendant has failed to appropriately raise an affirmative defense according to Rule 8(c) and Magana.

### 2. Fraud in the Inducement

Even if the Court considered Defendant's affirmative defense of fraud in the inducement, it is not a legitimate defense to a trust fund's action to recover delinquent contributions. Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 775 (9th Cir. 1986). As a matter of public policy, Congress and courts have worked to simplify trust fund collection actions by restricting the availability of contract defenses. Id. at 773. This policy does not leave legitimate victims of fraud in the inducement without remedy. If a company is fraudulently induced by a union to enter a CBA with a trust fund, it may find remedy in a separate legal action against the union itself. See Rozay's Transfer v. Local Freight Drivers, Local 208, et al., 850 F.2d 1321, 1337 (9th Cir. 1988). The Court notes that Defendant has filed a separate action against the union, which is currently before another judge of the U.S. District Court, District of Nevada. See Bright Electric, Inc. v. International Brotherhood of Electrical Workers, Local Union No. 357, Docket No. 2:12-cv-00869-GMN-PAL.

5

### 3. Fraud in the Execution

Defendant's other affirmative defense, fraud in the execution, is not supported by the facts. Fraud in the execution arises when a party executes an agreement "with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms." Sw. Adm'rs, Inc., 791 F.2d at 774 (quoting U.C.C. § 3-305(2)(c)). Defendant alleges in the response that Alvarez did not have knowledge of the letter of assent's character or essential terms because it "was presented to Alvarez as something with an entirely different purpose – an instrument which would permit Local 357 to get rid of a grievance against Alvarez and BEI." This interpretation of the events is not faithful to what Alvarez stated in his deposition. Alvarez stated in his deposition: "if I didn't sign the letter, [the union was] going to file grievances against me with the possible outcome of losing my pension, my retirement plan, and revocation of my Union ticket." Plain. Rep. in Supp. of Mot. for Sum. Judg. Ex. 1.

There is no indication in Alvarez's deposition that the nature of the letter of assent was misrepresented to him. There is also no indication that Alvarez did not have reasonable opportunity to obtain knowledge of the terms of the letter of assent. Instead, Alvarez stated that the union would file grievances against him if he didn't sign the letter. If true, such an allegation is more akin to fraud in the inducement than fraud in the execution.

Defendant further alleges that Alvarez was unable to understand the consequences of signing the letter of assent because he was on strong pain medication at the time. To support this, Defendant submits Alvarez's declaration, which agrees with Defendant's allegation. See Def. Resp. to Mot. for Part. Sum. Judg. Ex. A. Defendant, however, relies solely on the declaration and does not refer at all to other materials of the record. This is "uncorroborated and self-serving testimony" as described by Villiarimo, and does not create a genuine issue of material fact by itself. See 281 F.3d at 1061. To establish a genuine issue for trial, Defendant must go beyond its own affidavits and show facts in the depositions, answers to interrogatories, admissions on file, and other materials of the

record. See Celotex, 477 U.S. at 324. Defendant does not do so and thus fails to create a genuine issue of material fact.

### C. Motion for Partial Summary Judgment

Regarding Defendant's participation in the CBA and default in the required contributions, Defendant has failed to meet its burden to defeat the Motion for Partial Summary Judgment according to Matsushita. See 475 U.S. at 587. The Court grants Plaintiff's Motion for Partial Summary Judgment as a matter of law. See Celotex, 477 U.S. at 322-23. Furthermore, based on the terms of the Letter of Assent and the CBA together with the evidenced adduced at the evidentiary hearing on September 18, 2013, the Court finds that the auditor did not incorrectly categorize Defendant's employees as journeyman electricians in determining the amount due to each Trust Fund.  Defendant has produced no evidence that apprentices assigned under the terms of the CBA performed any work for Defendant.  Plaintiff is ordered submit a revised motion for summary judgment as to damages within twenty-one (21) days of the entry of this order.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Trustees' Motion for Partial Summary Judgment (#36) is **GRANTED IN PART** regarding Defendant's liability;

**IT IS FURTHER ORDERED** that Plaintiffs file a revised motion for summary judgment as to damages within twenty-one (21) days.

DATED this 18th day of September 2013.

_____
Kent J. Dawson
United States District Judge